IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,098-01






EX PARTE SCOTT DAVID BASTABLE, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 215568A IN THE CRIMINAL DISTRICT COURT NO. THREE FROM TARRANT COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for time spent confined pursuant to a "no
bond detainer for parole violation" in this cause. Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 Applicant contends that he was confined the "no bond detainer" for 210 days until his release
on April 24, 1990. The trial court has already procured an affidavit from the Classification and
Records Department of TDCJ and determined that a pre-revocation warrant was issued in October
1989, but was not executed until March 31, 1990. The trial court found that Applicant has been
credited for time from the date of the warrant's execution until April 23, 1990 and recommended that
Applicant also be credited for April 24, 1990. 

 The trial court may order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode
Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant was restrained at the
Tarrant County Jail by any detainer under this cause number between his initial release to
supervision in January 1987 and the execution of the pre-revocation warrant on March 31, 1990. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 16, 2011

Do not publish